**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHARLES E. COMPTON, | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-05-22 |
| | | Consolidated Case RWT-05-370 |
| JOHN R. SIMPSON, | : | |
| Defendant | : | |

. . . .o0o. . . .

## MEMORANDUM OPINION

This is an action for monetary damages filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff alleges that his constitutional rights were violated by Defendant when his federal parole was revoked and the revocation term was made to run consecutively to Plaintiff's 174-month term of incarceration. Now pending is Defendant's Motion to Dismiss or for Summary Judgment (Paper No. 14), which shall be treated as a motion for summary judgment. Plaintiff has filed a response and the matter is now ripe for this court's dispositive review. For the reasons that follow, Defendant's motion will be granted.

**Background**

Plaintiff was sentenced to serve a 15-year term of incarceration on October 4, 1982 by the United States District Court for the Western District of Texas.[1] On August 25, 1987, Plaintiff was paroled from this sentence, leaving a balance of 117 months left to be served on his prison term. On February 5, 1988,

---

[1] Plaintiff was convicted of possession with intent to distribute cocaine. (Paper No. 14 at Ex. 1).

a warrant alleging Plaintiff had violated certain conditions of his parole[2] was issued by the United States Parole Commission.

On April 15, 1990, Plaintiff used a gun to escape from jail in San Antonio, Texas. Upon his arrest and return from Mexico, Plaintiff was sentenced to serve a total of 174 months imprisonment by the United States District Court for the Western District of Texas for unlawful distribution of cocaine, escape from custody, and use of a firearm in the commission of a crime of violence[3]. (Paper No. 14 at Ex. 6). As a consequence, a supplemental warrant was issued by the Parole Commission adding to the allegations Plaintiff's new conviction and sentence. (Id. at Ex. 7).

On March 9, 1993, Plaintiff was given a parole revocation hearing regarding the 117 month balance left to serve on his 1982 conviction. (Id. at Ex. 8). The two Parole Commission hearing examiners who considered Plaintiff's case issued a recommendation to: revoke parole; allow no credit for the time spent on parole; commence the unexpired portion of the original federal sentence upon Plaintiff's release from the new sentence, or upon reparole to the new sentence, whichever came first; and continue for presumptive parole from the violator term after the service of 120 months. (Id.). The administrative hearing examiner disagreed with the recommended presumptive reparole, recommending instead service of 180 months before reparole, but agreed with the remaining recommendations. (Id.). Regional Commissioner John Simpson (the defendant in this case) agreed with the administrative hearing examiner, and Plaintiff's case was referred to the National Commissioners pursuant to 28 C.F.R. § 2.24(a). (Id. at

---

[2] Plaintiff was charged with failing to submit supervision reports, conspiring to possess with intent to distribute a controlled substance, and failure to report a change of address. (Paper No. 14 at Ex. 3 and 4).

[3] Plaintiff's 174-month term of confinement is non-parolable.

Ex. 10 and 11).   Two Commissioners concurred with Defendant's vote, and a decision was issued June 10, 1993: revoking Plaintiff's parole; allowing no credit for time spent on parole; commencing the unexpired portion of the original sentence upon release from the new sentence or reparole to the new sentence; and setting a presumptive parole after service of 180 months. (Id. at Ex. 12 and 13).

Plaintiff was provided with an interim hearing on January 27, 1997.  (Id. at Ex. 14).  Based upon Plaintiff's violation of prison rules[4], it was recommended that the presumptive parole date of February 17, 2004, be rescinded and that Plaintiff be required to serve his parole violation term until it expires. (Id.). Commissioner Simpson agreed with the recommended decision, which was implemented via notice of action dated February 14, 1997. (Id. at Ex. 16).  Plaintiff unsuccessfully appealed the decision; it was affirmed by the National Appeals Board on July 16, 1997. (Id. at Ex. 17 and 18).

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the

---

[4] Plaintiff was charged with attempting to kill another person and attempting an escape, as well as attempting to give money to another inmate.  Paper No. 14 at Ex. 14, p. 2.

burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

**Analysis**

Plaintiff contends that he has been illegally incarcerated since November 10, 2001, based upon his view that the decisions with respect to his parole revocation and rescission of his presumptive parole date were either improperly implemented or based on impermissible rationales. Based upon those alleged illegalities, Plaintiff seeks monetary damages for every day that he has spent incarcerated beyond November 10, 2001. Plaintiff has stated clearly that he does not seek release from incarceration by the filing of this action, but that he merely seeks monetary damages.

In order to be entitled to monetary damages for false imprisonment, it must first be established that Plaintiff is, in fact, illegally confined. Plaintiff's attempt to establish any legal improprieties regarding his parole revocation proceedings through the filing of this action for damages must fail. There has been no determination in this or any other forum that Plaintiff's revocation decision was improper in any way.

Accordingly, Plaintiff is not entitled to damages.  Under Heck v. Humphrey, 512 U.S. 477, 487  (1994) a Bivens claim alleging wrongful incarceration cannot be pursued until there has been a finding that custody is illegal.  This Court does not have jurisdiction to make a determination regarding the legality of Plaintiff's current incarceration, and there has been no such finding by any other court.  Accordingly, the Complaint will be dismissed.

|          6/3/05          |                    /s/                    |
|:---:|:---:|
| Date | ROGER W. TITUS |
|  | UNITED STATES DISTRICT JUDGE |